IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RYAN M. JINDRA, and ) <br> ENVISION INVESTMENT ADVISORS, LLC, ) <br> ) <br> Defendants, and ) <br> ) <br> ENVISION FINANCIAL GROUP, INC. ) <br> ) <br> Relief Defendant. ) | Civil Action No.  8:09CV216 <br><br> TEMPORARY RESTRAINING ORDER, ASSET FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER SETTING PRELIMINARY INJUNCTION HEARING |

On June 30, 2009, Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a motion for an *ex parte* order:  (1) enjoining Defendants Ryan M. Jindra and Envision Investment Advisors, LLC from violations of the antifraud and recordkeeping provisions of the federal securities laws; (2) freezing funds and other assets of Defendants Ryan M. Jindra and Envision Investment Advisors, LLC  and Relief Defendant Envision Financial Group, Inc.**;** (3) prohibiting the assessment of fees against an investor account or the disbursement of any funds from investors to Defendants or Relief Defendant; (4) requiring an accounting of investor funds and other assets; (5) preventing the destruction or alteration of documents; (6) providing for expedited discovery; (7) providing for alternative service; and (8) setting this matter for a preliminary injunction hearing.

The Court conducted a hearing on June 30, 2009, at which defendant Jindra appeared with personal counsel.  The Court is advised that Mr. Jindra has secured counsel to represent him in this matter and that counsel will enter an appearance shortly.

The Court has considered the Complaint in this action, and the Plaintiff's Memorandum of Law In Support of Motion for *Ex Parte* Temporary Restraining Order and Other Relief, and the Declarations of  Thomas J. Krysa, Nicholas F. Madsen, William R. Clabaugh, and Daniel S. Michonski, and the attached exhibits.  The Court finds:

1.      This Court has jurisdiction over the subject matter of this action and over Defendants Ryan M. Jindra and Envision Investment Advisors, LLC and Relief Defendant Envision Financial Group, Inc.

2.      The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d)(1) Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)], and Sections 209(c) and (d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(c) and (d)] by evidence establishing a *prima facie* case and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations and/or aiding and abetting violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 204, 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-4, 80b-6(1), 80b-6(2), and 80b-6(4)] and Rules 204-2(a)(7)(B), 206(4)-4, and 206(4)-7 thereunder [17 C.F.R. §§ 275.204-2(a)(7)(B), 275.204(4)-4, and 275.206(4)-7].

3.      There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC  and Relief Defendant Envision Financial Group, Inc. will dissipate, conceal, or transfer from the

jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants Ryan M. Jindra and Envision Investment Advisors, LLC  and Relief Defendant Envision Financial Group, Inc. will continue to misappropriate funds from investors.

4.      There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5.      There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of funds obtained from investors.

6.      There is good cause to believe that expedited discovery and alternative means of service are warranted.

7.      Pursuant to Fed. R. Civ. P. 65(b) this Court finds that the SEC has made a *prima facie* showing that the Defendants have engaged in schemes to defraud investors, made false and misleading statements to investors or omitted material facts in connection with the offer and sale of securities.

8.      Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court.  Such dissipation of investor funds and assets would constitute irreparable harm to investors.  To avoid this irreparable harm, it is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of the Defendants can be made, thus preventing the dissipation of investor funds.

Now, therefore,

## I.

IT IS HEREBY ORDERED THAT, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security:  (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## II.

IT IS FURTHER ORDERED THAT, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-

6(1) and (2)], by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients or engaging in transactions, practices or courses of business which operate as a fraud or deceit upon clients or prospective clients.

### III.

IT IS FURTHER ORDERED THAT, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendant Envision Investment Advisors, LLC, and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-4, and 206(4)-7(a)(7)(B) thereunder [17 C.F.R. §§ 275.204(4)-4, and 275.206(4)-7(a)(7)(B)] by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients or engaging in transactions, practices or courses of business which operate or as a fraud or deceit upon clients or prospective clients.

### IV.

IT IS FURTHER ORDERED THAT, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendant Ryan M. Jindra and his agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are

enjoined and restrained from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-4, and 206(4)-7 thereunder [17 C.F.R. §§ 275.204(4)-4, and 275.206(4)-7] by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients or engaging in transactions, practices or courses of business which operate or as a fraud or deceit upon clients or prospective clients.

## V.

IT IS FURTHER ORDERED THAT Defendant Envision Investment Advisors, LLC and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2(a)(7)(B) thereunder [17 C.F.R. § 275.204-2(a)(7)(B)], by failing to make and keep required records as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors or to make available such records to the Commission for examination.

## VI.

IT IS FURTHER ORDERED THAT  Defendant Ryan M. Jindra and his agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2(a)(7)(B) thereunder [17 C.F.R. § 275.204-2(a)(7)(B)], by failing to make

and keep required records as the Commission may prescribe as necessary or appropriate in the

public interest or for the protection of investors or to make available such records to the

Commission for examination.

## VII.

IT IS FURTHER ORDERED that, pending the determination of the SEC's Motion for a

Preliminary Injunction or hearing on the merits:

A.      The assets, funds, or other property of Defendants Ryan M. Jindra and Envision

Investment Advisors, LLC, and Relief Defendant Envision Financial Group, Inc., wherever

located, are frozen.  Defendants Ryan M. Jindra and Envision Investment Advisors, LLC and

Relief Defendant Envision Financial Group, Inc., and their officers, directors, successor

corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those

persons in active concert or participation with them who receive notice of this order by personal

service or otherwise, and each of them, shall hold and retain within their control, and otherwise

prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or

other disposal whatsoever of any of their funds or other assets or things of value presently held by

them, under their control or over which they exercise actual or apparent investment or other

authority, in whatever form such assets may presently exist and wherever located.

B.      Any bank, financial or brokerage institution or other person or entity holding any

funds, securities or other assets held the name of, for the benefit of, or under the control of

Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant

Envision Financial Group, Inc., or their officers, directors, successor corporations, subsidiaries,

affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or

7

participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except that broker-dealers holding accounts in the names of Envision clients may execute such transactions as those clients may request.

C.      The Defendants and Relief Defendant are prohibited, directly or indirectly, from obtaining or accepting fees or funds of any kind from investors or investor accounts.  Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Envision Financial Group, Inc., and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from investors.

**VIII.**

IT IS FURTHER ORDERED THAT Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Relief Defendant Envision Financial Group, Inc., and each of their successor corporations, subsidiaries, and affiliates, shall within **two business days** of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

A.      All assets under management since January 1, 2008, disclosing the current location of all such assets;

B.      All fees charged to the Defendants' investment advisory clients, listing the name and address and phone number of each client, the amount the investor paid directly or indirectly to

8

any of the Defendants; the basis upon which such fees were calculated; the current locations of all

such funds; the disposition of any such funds, including the date, amount, recipient and purpose of

each disbursement; the location, title and account numbers at any financial institution to which any

such funds have been transferred; and the amount of such fees reimbursed to each client, if any;

and the date of payment, amount and basis for such reimbursement;

       C.     All investments, securities, funds, real estate, and other assets held in the names of

Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant

Envision Financial Group, Inc., or in the names of any subsidiary or affiliate or under their direct

or indirect control or in which they have or have had since January 1, 2008, a direct or indirect

beneficial interest, stating a description and location of such assets;

       D.     Each account, including safe deposit boxes, with any bank, financial institution or

brokerage firm, maintained in the names of Defendants Ryan M. Jindra or Envision Investment

Advisors, LLC, or Relief Defendant Envision Financial Group, Inc., or in the names of any

subsidiary or affiliate or under their direct or indirect control or in which they have or have had

since January 1, 2008, a direct or indirect beneficial interest; and

       E.     Every transaction in which the ownership, direction, and control of any funds or

other assets of any kind have been transferred, directly or indirectly, since January 1, 2008 to or

from Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant

Envision Financial Group, Inc., or any subsidiary or affiliate under their direct or indirect control.

## IX.

       IT IS FURTHER ORDERED THAT the Defendants are prohibited from destroying or

altering records. Pending determination of the SEC's Motion for a Preliminary Injunction or

hearing on the merits, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and

Relief Defendant Envision Financial Group, Inc., and their officers, directors, successor

corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those

persons in active concert or participation with them who receive notice of this order by personal

service or otherwise, and each of them, are hereby restrained from destroying, mutilating,

concealing, altering, or disposing of any document referring or relating in any manner to any

transactions which are the subject matter of the SEC's complaint in this action, or to any

communications between or among any of the Defendants.  As used in this order, "document"

means the original and all non-identical copies (whether non-identical because of handwritten

notation or otherwise) of all written or graphic matter, however produced, and any other tangible

record, or electronic data compilation capable of reproduction in tangible form, including, without

limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone

records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and

including any and all existing drafts of all documents.

## X.

IT IS FURTHER ORDERED THAT the SEC's application for expedited discovery

concerning Defendants, their assets, and their activities, is granted and that, commencing with the

time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of

Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and the Local Rules of

this Court, discovery shall proceed as follows:

A.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take

depositions upon oral examination on **two days** notice of any such deposition.  Depositions may be

taken Monday through Saturday and may be taken telephonically.  As to Defendants Ryan M.

Jindra and Envision Investment Advisors, LLC, and Relief Defendant Envision Financial Group,

Inc., and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners,

brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a

deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendants, and

without serving a subpoena on such witness.  Depositions that have not been signed by the witness

may be used for purposes of the hearing on Plaintiff SEC's application for a preliminary injunction;

B.     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants and

Relief Defendant, and each of them, shall answer the SEC's interrogatories within **three days** of

service of such interrogatories upon Defendants;

C.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendants and

Relief Defendant, and each of them, shall produce all documents requested by the SEC within

**three days** of service of such request, with production of the documents made to Thomas J. Krysa,

U.S. Securities and Exchange Commission, Denver Regional Office, 1801 California St., Suite

1500, Denver, CO  80202, or such other person or place as counsel for the SEC may direct in

writing;

D.     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants and

the Relief Defendant, and each of them, shall respond to the SEC's requests for admissions within

**three days** of such requests; and

E.     All written responses to the SEC's requests for discovery under the Federal Rules of

Civil Procedure shall be delivered by e-mail and by hand or overnight courier to the Securities and

Exchange Commission's Denver Regional Office at 1801 California Street, Suite 1500, Denver,

Colorado 80202, to the attention of Thomas J. Krysa, or such other place and person as counsel for the SEC may direct in writing.

## XI.

IT IS FURTHER ORDERED THAT service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication.  Discovery requests may be communicated by facsimile, mail, e-mail or delivery by commercial courier.

## XII.

IT IS FURTHER ORDERED that the Defendants, and each of them, shall appear before this Court at **9:00 a.m. on July 7, 2009, in Courtroom No. 3** of the United States District Court for the District of Nebraska, to show cause, if any there be, why this Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in this Order until a final adjudication on the merits may be had.

This order will expire, unless extended by the Court for good cause for a like period, or by consent of the adverse party, on **July 10, 2009, at 5:00 p.m.**

## XIII.

It is further ordered that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 30th day of June, 2009, at 5:45 o'clock p.m.

BY THE COURT:


s/ Joseph F. Bataillon
CHIEF DISTRICT JUDGE