IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Civil Action No.  8:09CV216 |
| Plaintiff | ) ) | |
| v. | ) ) ) | ORDER FOR PRELIMINARY INJUNCTION, ASSET FREEZE AND OTHER EQUITABLE RELIEF |
| RYAN M. JINDRA, and ENVISION INVESTMENT ADVISORS, LLC, | ) ) ) | |
| Defendants, and | ) ) | |
| ENVISION FINANCIAL GROUP, INC. | ) ) | |
| Relief Defendant. | ) | |

On June 30, 2009, Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a motion for an *ex parte* order:  (1) enjoining Defendants Ryan M. Jindra and Envision Investment Advisors, LLC from violations of the antifraud and recordkeeping provisions of the federal securities laws; (2) freezing funds and other assets of Defendants Ryan M. Jindra and Envision Investment Advisors, LLC  and Relief Defendant Envision Financial Group, Inc.; (3) prohibiting the assessment of fees against an investor account or the disbursement of any funds from investors to Defendants or Relief Defendant; (4) requiring an accounting of investor funds and other assets; (5) preventing the destruction or alteration of documents; (6) providing for expedited discovery; (7) providing for alternative service; and (8) setting this matter for a preliminary injunction hearing.

The Court conducted a hearing on June 30, 2009, at which defendant Jindra appeared with personal counsel.  Following the hearing, the Court ordered the Defendants to appear on July 7, 2009, at 9:00 a.m., to show cause why this Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants

pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in its June 30, 2009 Order until a final adjudication on the merits may be had.

The plaintiff appeared at the hearing through counsel, Thomas Krysa and Coates Lear; and the defendant Ryan Jindra appeared pro se, accompanied by stand-by counsel, Steven Lefler.  By agreement of the parties and following the presentation of argument and evidence by the parties, the Court finds:

1.    This Court has jurisdiction over the subject matter of this action and over Defendants Ryan M. Jindra and Envision Investment Advisors, LLC and Relief Defendant Envision Financial Group, Inc.

2.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d)(1) Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)], and Sections 209(c) and (d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(c) and (d)] by evidence establishing a *prima facie* case and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations and/or aiding and abetting violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 204, 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-4, 80b-6(1), 80b-6(2), and 80b-6(4)] and Rules 204-2(a)(7)(B), 206(4)-4, and 206(4)-7 thereunder [17 C.F.R. §§ 275.204-2(a)(7)(B), 275.204(4)-4, and 275.206(4)-7].

3.      There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC and Relief Defendant Envision Financial Group, Inc. will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants Ryan M. Jindra and Envision Investment Advisors, LLC  and Relief Defendant Envision Financial Group, Inc. will continue to misappropriate funds from investors.

4.      There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5.      There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of funds obtained from investors.

6.      There is good cause to believe that expedited discovery and alternative means of service are warranted.

7.      Pursuant to Fed. R. Civ. P. 65(b) this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued.  The SEC's pleadings and the evidence presented indicate, among other things, that: a) Defendants have misappropriated funds from Envision's clients; and b) the SEC has made a *prima facie* showing that the Defendants have engaged in schemes to defraud investors, made false and misleading statements to investors, and omitted material facts in connection with the offer and sale of securities.

8.      Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants and Relief Defendant will dispose of, dissipate, or remove

investor funds and assets from the jurisdiction of the Court.  Such dissipation of investor funds and assets would constitute irreparable harm to investors.  Accordingly,

IT IS ORDERED:

1.     The SEC's Motion for a Preliminary Injunction (Filing No. 5) is granted as to Defendants Jindra and Envision Investment Advisors, LLC and Relief Defendant Envision Financial Group, Inc.

2.     Pending trial on the merits or further order of the Court, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security:  (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3.      Pending trial on the merits or further order of the Court, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients or engaging in transactions, practices or courses of business which operate as a fraud or deceit upon clients or prospective clients.

4.      Pending trial on the merits or further order of the Court, Defendant Envision Investment Advisors, LLC, and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-4, and 206(4)-7(a)(7)(B) thereunder [17 C.F.R. §§ 275.204(4)-4, and 275.206(4)-7(a)(7)(B)] by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective

clients or engaging in transactions, practices or courses of business which operate or as a fraud or deceit upon clients or prospective clients.

5.      Pending trial on the merits or further order of the Court, Defendant Ryan M. Jindra and his agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-4, and 206(4)-7 thereunder [17 C.F.R. §§ 275.204(4)-4, and 275.206(4)-7] by, in connection with the conduct of business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients or engaging in transactions, practices or courses of business which operate or as a fraud or deceit upon clients or prospective clients.

6.      Pending trial on the merits or further order of the Court, Defendant Envision Investment Advisors, LLC and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2(a)(7)(B) thereunder [17 C.F.R. § 275.204-2(a)(7)(B)], by failing to make and keep required records as the Commission may

prescribe as necessary or appropriate in the public interest or for the protection of investors or to make available such records to the Commission for examination.

7.    Pending trial on the merits or further order of the Court,  Defendant Ryan M. Jindra and his agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2(a)(7)(B) thereunder [17 C.F.R. § 275.204-2(a)(7)(B)], by failing to make and keep required records as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors or to make available such records to the Commission for examination.

8.    Pending trial on the merits or further order of the Court:

A.    The assets, funds, or other property of Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Relief Defendant Envision Financial Group, Inc., wherever located, are frozen. Defendants Ryan M. Jindra and Envision Investment Advisors, LLC and Relief Defendant Envision Financial Group, Inc., and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, shall hold

and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

B.   Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets held the name of, for the benefit of, or under the control of Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant Envision Financial Group, Inc., or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except that broker-dealers holding accounts in the names of Envision clients may execute such transactions as those clients may request; and

C.   The Defendants and Relief Defendant are prohibited, directly or indirectly, from obtaining or accepting fees or funds of any kind from investors or investor accounts.  Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Envision Financial Group,

Inc., and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from investors.

9.     Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Relief Defendant Envision Financial Group, Inc., and each of their successor corporations, subsidiaries, and affiliates, shall within **ten (10) business days** of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

A.     All assets under management since January 1, 2008, disclosing the current location of all such assets;

B.     All fees charged to the Defendants' investment advisory clients, listing the name and address and phone number of each client, the amount the investor paid directly or indirectly to any of the Defendants; the basis upon which such fees were calculated; the current locations of all such funds; the disposition of any such funds, including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of such fees reimbursed to each client, if any; and the date of payment, amount and basis for such reimbursement;

C.     All investments, securities, funds, real estate, and other assets held in the names of Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant Envision Financial Group, Inc., or in the names of any subsidiary or affiliate or under their direct or indirect control or in which they have or have had since January 1, 2008, a direct or indirect beneficial interest, stating a description and location of such assets;

D.     Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant Envision Financial Group, Inc., or in the names of any subsidiary or affiliate or under their direct or indirect control or in which they have or have had since January 1, 2008, a direct or indirect beneficial interest; and

E.     Every transaction in which the ownership, direction, and control of any funds or other assets of any kind have been transferred, directly or indirectly, since January 1, 2008 to or from Defendants Ryan M. Jindra or Envision Investment Advisors, LLC, or Relief Defendant Envision Financial Group, Inc., or any subsidiary or affiliate under their direct or indirect control.

10.    Defendants are prohibited from destroying or altering records. Pending trial on the merits or further order of the Court, Defendants Ryan M. Jindra and Envision Investment Advisors, LLC, and Relief Defendant Envision

Financial Group, Inc., and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions which are the subject matter of the SEC's complaint in this action, or to any communications between or among any of the Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

11. The SEC may immediately commence discovery as to the Enjoined Defendants, without awaiting a Fed. R. Civ. P. 26(f) conference.

12. Service of this Order may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be

made on any registered agent, officer, or director of Defendants, or by publication.  Discovery requests may be communicated by facsimile, mail, e-mail or delivery by commercial courier.

13.    Nothing in this Order shall be construed to affect, interfere with, or apply to the normal business operations of Highmark Financial LLC.

DATED this 7th day of July, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
CHIEF DISTRICT JUDGE