IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| RYAN M. JINDRA, and ENVISION INVESTMENT ADVISORS, LLC, | ) ) ) |
| Defendants, and | ) ) |
| ENVISION FINANCIAL GROUP, INC. | ) ) |
| Relief Defendant. | ) |

8:09CV216

ORDER

At a hearing on the plaintiff's motion for preliminary injunctive relief, the court was advised by defendant Ryan M. Jindra, through his stand-by counsel, Steven Lefler, that Jindra obtained a $20,000.00 cashier's check prior to the court's entry of a temporary restraining order that froze the defendants' assets (Filing No. 12). The check was delivered to the defendant's stand-by counsel, Steven Lefler, to be used for payment of attorney fees. The court was further advised that a second cashier's check for approximately $3,000.00 was sent to defendants' corporate counsel, Brian Hill. This second check was intended to pay past and future attorney fees for services rendered by Mr. Hill. Mr. Hill returned the check to defendant Jindra.

The defendant requests that he or his attorneys be allowed to negotiate the above described cashier's checks for the purposes of payment of future attorney fees for the defense of these proceedings and payment of approximately $1,500.00 to Mr. Hill for services rendered on behalf of Envision Investment Advisors, LLC, and Envision Financial Group, Inc.

The court finds that representation of the defendants by a retained attorney, qualified to represent parties sued by the SEC, would facilitate the orderly and expeditious resolution of these proceedings. Accordingly, the court finds that both cashier's checks may be negotiated by Mr. Jindra's personal attorney, Steven Lefler.

The funds are to be held in Mr. Lefler's trust account for the sole purpose of paying attorney fees relating only to the defense of these proceedings. Without further order of this court, no more than $10,000.00 of these funds may be used to pay for documented services rendered in defense of these proceeding by attorneys retained by the defendants. A record of such expenditures must be kept and an accounting provided to the court on the first day of each month until the funds are expended. Mr. Hill's claim for attorney fees from these funds will be considered by this court on separate application to the court after a full accounting is made by the defendants to the plaintiff. Accordingly,

IT IS ORDERED:

1. The subject cashier's checks may be negotiated by Ryan M. Jindra's personal attorney, Steven Lefler, and deposited in Mr. Lefler's trust account for the sole purpose of paying attorney fees relating only to the defense of these proceedings.

2. Up to $10,000.00 of these funds may be used to pay for documented services rendered in defense of these proceeding by attorneys retained by defendants without further order of court.

3. Mr. Lefler shall maintain a record of such expenditures and must provide an accounting to the court on the first day of each month until the funds are expended.

4. Mr. Hill shall submit an application for fees for consideration by the court after a full accounting is made by the defendants to the plaintiff.

DATED this 8th day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge